IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICKY LEE TAYLOR,

      Petitioner,

v.                                                                    CASE NO. 4:05-cv-00403-MP-AK

MONICA DAVID, FREDERICK B. DUNPHY,
FLORIDA PAROLE COMMISSION, and
TENA M. PATE,

      Respondents.

_____/

# **O R D E R**

      This matter is before the Court on Doc. 40, Report and Recommendation of the

Magistrate Judge, which recommends that Petitioner's petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254, Doc. 1, be denied, and that this case be dismissed with prejudice.

The Magistrate Judge filed the Report and Recommendation on Thursday, July 19, 2007.  The

parties have been furnished a copy of the Report and have been afforded an opportunity to file

objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a

*de novo* review of those portions to which an objection has been made.

      Pursuant to his request, Petitioner Taylor was transferred from the Florida Department of

Corrections to the Alabama Department of Corrections to serve his 15-year sentence.  Petitioner

was released on March 9, 1999, after signing a "Certificate of Conditional Release and Terms

and Conditions of Supervision."  In 2004, Petitioner was arrested for failure to abide by the

conditions of his conditional release, and he was incarcerated to serve the remainder of his

sentence.  In state court, Petitioner challenged his incarceration under the 4th, 6th, and 14th

Amendments because he allegedly "was never given notice of conditions of his release

program."  The state court denied Petitioner's challenge, and he now raises these same claims in

the instant petition.

In the Report and Recommendation, the Magistrate states that because Petitioner had no

right to a "hearing," only an "interview," he has not stated a cognizable due process violation.

Furthermore, the Magistrate concludes that because the instant petition merely alleges a failure

to follow statutory obligations, the violation of state law does not state a claim for relief in a

habeas proceeding.  After reviewing the petition, the Magistrate finds that the state court did not

err in finding that the Commission did not abuse its discretion in revoking conditional release.

In his lengthy objections, Petitioner states that no court was involved in determining that

he should be incarcerated on February 29, 2004, and that this resulted in a harsher penalty than

the one he could have received on the date of the original offense.  Specifically, Petitioner

attempts to argue that he violated the conditions of his release on March 12, 1999, and that he is

prejudiced by this because his sentence would have been served had his conditional release been

revoked then.  Addressing each of his claims for relief, Petitioner states that the failure of the

Commission to follow the law resulted in a constitutional violation.  As previously discussed, the

failure of the Commission to abide by  state law does not state a claim for relief in a habeas

proceeding.  Similarly, Petitioner can state no equal protection violation by the failure of the

Commission to revoke his conditional release in 1999.  Despite his claims that he was denied

access to the courts, Petitioner had a full and fair opportunity to present these claims to the state

court, which rejected them.  The Court finds that this decision was not contrary to, nor an

unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States.

Therefore, having considered the Report and Recommendation, and the objections

thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.      The Report and Recommendation of the Magistrate Judge is adopted and
incorporated herein.

2.      Petitioner Taylor's petition for writ of habeas corpus, Doc. 1, is DENIED and this
case is DISMISSED WITH PREJUDICE.

**DONE AND ORDERED** this   *1st* day of April, 2008


        *s/Maurice M. Paul*
        Maurice M. Paul, Senior District Judge